IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| KATHYE P. CAMPBELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-2257-STA-dkv |
| | ) | |
| ED MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL
ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT &
RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE**

_____

Before the Court is the United States Magistrate Judge's Report and Recommendation for the *sua sponte* dismissal of Plaintiff Kathye P. Campbell's Pro Se Complaint (ECF No. 10) submitted on August 6, 2014. Plaintiff filed timely objections on August 8, 2014.[1] Also before the Court are Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's motion for appointment of counsel (ECF No. 9) filed on August 4, 2014. For the reasons set forth below, the Magistrate Judge's Report and Recommendation for *sua sponte* dismissal is **ADOPTED**, and the order denying Plaintiff's motion for appointment of counsel is **AFFIRMED**.

---

[1] It also appears that Plaintiff has filed a notice (ECF No. 13), appealing the Magistrate Judge's report to the United States Court of Appeals for the Sixth Circuit.

1

**BACKGROUND**

On July 21, 2014, Plaintiff filed a Pro Se Complaint alleging a conspiracy against her civil rights in violation of 18 U.S.C. § 241. Plaintiff also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. Pursuant to Administrative Order 2013-05, the case was assigned to the United States Magistrate Judge for management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. The Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* on July 23, 2014, and denying Plaintiff's motion for appointment of counsel on July 28, 2014. Plaintiff filed timely objections to the Magistrate Judge's order denying her motion for appointment of counsel.

On August 4, 2014, the Magistrate Judge submitted a recommendation that the Court dismiss Plaintiff's Pro Se Complaint *sua sponte* for lack of venue. The Magistrate Judge found that the Pro Se Complaint alleges that each Defendant works in the Eastern District of Tennessee and that one Defendant works in the Middle District of Tennessee. Therefore, venue did not lie in the Western District of Tennessee, and dismissal pursuant to 28 U.S.C. § 1391 is warranted.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as a motion for appointment of counsel.[2] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion

---

[2] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

of the magistrate judge's order found to be clearly erroneous or contrary to law."[3] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[4] Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable.[5] "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[6]

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for the dismissal of a civil case.[7] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[8] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or

---

[3] Fed. R. Civ. P. 72(a); *Bell v. Int'l Bhd. of Teamsters*, No. 96-3219, 1997 WL 103320, *4 (6th Cir. Mar. 6, 1997) (unpublished table opinion).

[4] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[5] *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted).

[6] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

[7] 28 U.S.C. § 636(b)(1)(B).

[8] § 636(b)(1)(C).

recommendations of the Magistrate Judge.[9] The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[10] Rather the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[11]

## **ANALYSIS**

### I. The Magistrate Judge's Jurisdiction

As an initial matter, Plaintiff objects to the Magistrate Judge's jurisdiction to enter orders in this case, arguing that she has not consented to trial or proceedings before the Magistrate Judge. The Court finds that Plaintiff's challenge to the Magistrate Judge's authority is without merit. Under 28 U.S.C. § 636(b), a district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" as well as assign "such additional duties as are not inconsistent with the Constitution and laws of the United States."[12] Local Rule of Court 72.1(b) provides that "[t]he assignment of duties to the United States Magistrate Judges by the judges of this district may be made by standing order entered jointly by the district judges in this district . . . ."[13] On April 29, 2013, then-Chief Judge McCalla entered Administrative Order 2013-05, which states, "By unanimous decision of the Court, effective March 21, 2013, all pending and future cases filed by *pro se*, non-prisoner plaintiffs are hereby referred to the assigned magistrate judge for management of

---

[9] *Id*.

[10] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[11] *Id.* at 151.

[12] 28 U.S.C. § 636(b)(1)(A) & (b)(3).

[13] Local R. 72.1(b).

all pretrial matters."[14]

Pursuant to Administrate Order 2013-05, the Magistrate Judge has been assigned to manage all pretrial matters in this case and has authority to determine non-dispositive motions. The Magistrate Judge set out this authority in her orders on Plaintiff's preliminary motions. As such, the Magistrate Judge properly heard and determined Plaintiff's motion for appointment of counsel. The Court would add that the Magistrate Judge is not the presiding judge, meaning the Magistrate Judge will not enter judgment. The undersigned remains as the presiding judge and will review any recommendation about the disposition of this matter before entry of judgment. Plaintiff has already exercised her right to seek review of any order or report issued by the Magistrate Judge by filing objections. Therefore, Plaintiff's jurisdictional objection is overruled.

## II. The Magistrate Judge's Order Denying Appointment of Counsel

On the merits Plaintiff objects to the Magistrate Judge's determination of her motion for appointment of counsel. Plaintiff argues that exceptional circumstances exist in this case for the appointment of counsel. Plaintiff's claims are factually complex and implicate child custody and a civil finding of abuse, dependency or neglect under Tenn. Code Ann. § 37–1–102. According to Plaintiff, a parent who is incarcerated is entitled to appointment of counsel pursuant to Tennessee Rule of Juvenile Procedure 39(b)(2)(D)(i), where the parent contests a child custody finding, as well as under the Rules of the Tennessee Supreme Court, where an indigent party is entitled to representation on appeal. For these reasons Plaintiff asks the Court to review the Magistrate Judge's order denying appointment of counsel *de novo*.

The Magistrate Judge held that Plaintiff had not shown extraordinary circumstances

---

[14] Admin. Order 2013-05, Apr. 29, 2013.

warranting the appointment of counsel in a civil case. The Court reviews the Magistrate Judge's decision under the clearly erroneous and contrary to law standard of review. Based on that highly deferential standard, the Court affirms the Magistrate Judge's order. In her Objections, Plaintiff cites the Tennessee Code Annotated, the Tennessee Rules of Juvenile Procedure, and the Rules of the Tennessee Supreme Court, as authority for the appointment of counsel. However, Plaintiff has not shown why this state law authority should apply in her federal action or under the circumstances presented in this case. Therefore, the Magistrate Judge's order is **AFFIRMED**.

## III. Venue

The Magistrate Judge has recommended that the Court *sua sponte* dismiss the Pro Se Complaint for lack of venue. Under 28 U.S.C. § 1391(b), generally "[a] civil action may be brought in"

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[15]

The Court holds that venue is improper in this judicial district. The Pro Se Complaint alleges that most named Defendants are employed in Blount County, Tennessee, and that one Defendant is employed by the Tennessee Department of Children's Services in Nashville, Tennessee. As such, the Pro Se Complaint fails to allege that any Defendant resides in this judicial district. The Pro Se Complaint further alleges that the events forming the basis for Plaintiff's claims in this action occurred in Blount County, Tennessee. Plaintiff has not alleged that any of the events resulting in

---

[15] 28 U.S.C. § 1391(b).

the deprivation of her civil rights occurred in this judicial district. Finally, the Pro Se Complaint does not allege that this Court has personal jurisdiction over any Defendant. Therefore, the Pro Se Complaint does not allege that venue is proper under any of the subparagraphs of section 1391(b).

Plaintiff does allege in the Pro Se Complaint that venue is proper in the Western District of Tennessee because she resides in Memphis, Tennessee. In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff relies on 28 U.S.C. § 1391(e), which places venue in any judicial district where a plaintiff resides if the defendant is an officer or employee of the United States and there is no real property at stake. According to Plaintiff, the Blount County court and jail are federal agencies, and the employees of these agencies are therefore federal employees. Blount County is actually a political subdivision of the state of Tennessee, not the federal government.[16] Likewise, the Tennessee Department of Children's Services is not a federal agency. As such, section 1391(e) has no application in this case. Therefore, Plaintiff's objection to the Magistrate Judge's Report must be overruled. The Court adopts the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's Pro Se Complaint *sua sponte* for lack of venue.

**IV. Appellate Filing Fee**

The final issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an

---

[16] *Smith Cnty. Reg'l Planning Comm'n v. Hiwassee Vill. Mobile Home Park, LLC*, 304 S.W.3d 302, 312 (Tenn. 2010) ("In a variety of contexts, the Tennessee Code Annotated confirms that 'political subdivisions' include both counties and municipalities.").

objective one.[17] An appeal is not taken in good faith if the issue presented is frivolous.[18] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[19] The same considerations that lead the Court to dismiss this case for improper venue also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[20] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once

---

[17] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[18] *Id.*

[19] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[20] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

the fee is paid.[21]

    **IT IS SO ORDERED.**

                                       **s/ S. Thomas Anderson**
                                       S. THOMAS ANDERSON
                                       UNITED STATES DISTRICT JUDGE

                                       Date: October 1, 2014.

---

[21] *McGore*, 114 F.3d at 610.